IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMON BACA and AGNES BACA,

        Plaintiffs,

vs.                                  No. 02-CV-1220 JC/WWD

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY (as
successor in interest to the Atchison,
Topeka & Santa Fe Railway Company),
and OLD ORCHARD INDUSTRIAL
CORPORATION, a corporation, individually
as successor in interest to Vapor Corporation
and Vapor Heating Corporation,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before the Court on *Plaintiffs' Motion to Remand*, filed October 11, 2002 (*Doc. 9*). The Court, having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, finds the Motion well-taken and it is, therefore, GRANTED.

**I.     Procedural/Factual Background**

        On July 29, 2002, Plaintiffs filed suit in the Thirteenth Judicial District, Valencia County, New Mexico against Defendant Burlington Northern and Santa Fe Railway Co. ("BNSF") pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 (FELA) (Count I). Plaintiffs also brought negligence and strict products liability claims against Defendant Old Orchard Industrial Corp. ("OOIC"),

individually as successor in interest to Vapor Corporation and Vapor Heating Corporation (collectively "Vapor") (Count II).  Finally, Plaintiffs brought an alternative cause of action alleging that Vapor violated federal safety standards, proximately contributing to Plaintiffs' injuries (Count III).  After BNSF filed a cross-claim seeking contribution, indemnity, or proportional indemnification, cross-claim Defendant OOIC removed the case to this Court pursuant to 28 U.S.C. §1441(c), which provides an exception for removal of otherwise non-removable claims.

## II.     Discussion

Federal removal jurisdiction is statutory in nature and must be strictly construed.  *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941).  Doubts are to be resolved in favor of remand *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995).  The parties invoking federal jurisdiction have the burden of establishing its propriety.

28 U.S.C. §1441(c) currently provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. §1441(c).  Thus, in order for the provisions of §1441(c) to apply, OOIC must show that (1) Plaintiffs' claims against it are "separate and independent" from Plaintiffs' non-removable claims; and (2) that Plaintiffs' claims against it present a federal question.

The Supreme Court construed "separate and independent" claims in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).  In *Finn*[1], a Texas Plaintiff sued two insurance companies,

---

[1]*Finn* is a diversity case; following the 1990 amendment, §1441(c) no longer applies in diversity actions.  Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5089.

one from Florida and one from Indiana, and an insurance agent who was a resident of Texas. The insurance company defendants removed the action, relying on §1441(c) and asserting that the claim against them was a separate and independent claim that had been joined with a non-removable claim against a non-diverse defendant. The Supreme Court determined that removal was improper because there was no separate and independent claim but instead merely one claim to recover for losses suffered in a fire. The Court stated, "[t]he single wrong for which relief is sought is the failure to pay compensation for the loss on the property. Liability lay among three parties, but it was uncertain which one was responsible. Therefore, all were joined as defendants in one petition." *Id.* at 14. The court further stated that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under §1441(c)." *Id.*

Defendant OOIC urges the Court to reject the reasoning in *Finn* as antiquated in light of the 1990 amendment to 28 U.S.C. §1441(c), which eliminated diversity actions from the statute's purview. OOIC contends the amendment sufficiently decreased the volume of federal litigation so as to abrogate the narrow *Finn* reading of "separate and independent claim or cause of action." Resp. at 3-4, 8-10. Although OOIC makes a scholarly and compelling argument, it is one this Court must reject, for it has no authority to abandon, and cannot distinguish, the *Finn* case. Instead, having reviewed Plaintiffs' Complaint, the Court determines that Plaintiffs seek to recover for a single wrong in the *Finn* sense. Plaintiffs' injuries, asbestosis and colon cancer, arise from Ramon Baca's exposure to asbestos fibers over a period of years. Such injuries are indivisible. Moreover, Plaintiffs' claims arise from an interlocking series of transactions and, therefore, derive from substantially the same

facts. Liability for such injuries, if any, lies among Defendants.

In sum, the Court determines that Plaintiffs' state common law claims are not "separate and independent" from Plaintiffs' non-removable FELA claims for purposes of 28 U.S.C. §1441(c). Therefore, Section1441(c) cannot provide the basis for removal or severance, the Court lacks jurisdiction and the case must be remanded.

WHEREFORE,

**IT IS ORDERED** that *Plaintiff's' Motion to Remand*, filed October 11, 2002 (*Doc. 9*), is GRANTED and this case is remanded to the Thirteenth Judicial District, County of Valencia, State of New Mexico.

Dated July 13, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

    Michael S. Sanchez, Esq.
    Los Lunas, New Mexico

    John D. Roven, Esq.
    Houston, Texas

Counsel for Defendant Old Orchard Industrial Corporation:

    Bob Thorson, Esq.
    Ronald C. Archibeque, Esq.
    Hatch, Allen & Shepherd, P.A.
    Albuquerque, New Mexico

    Roy D. Baker, Jr., Esq.
    Jon B. Orndorff, Esq.
    Baker, Lancianese & Conaty
    Huntington, West Virginia

Counsel for The Burlington Northern and Santa Fe
Railway Company:

    John S. Thal. Esq.

Michael Kaemper, Esq.
Feliz Rael
Atkinson and Thal, P.C.
Albuquerque, New Mexico